OPINION *Page 2 
{¶ 1} On July 28, 2006, the Fairfield County Grand Jury indicted appellant, Wayne Wesaw, on one count of assault in violation of R.C. 2903.13 and one count of obstructing official business in violation of R.C. 2921.31. Said charges arose from an incident wherein appellant shoved a police officer and punched another after they responded to a domestic call at a residence.
 {¶ 2} On August 21, 2006, appellant filed a motion to suppress/motion to dismiss, claiming illegal stop, search, and arrest, and failure to advise him of his Miranda rights prior to taking his statement. By journal entry filed September 4, 2007, the trial court denied the motion.
 {¶ 3} On January 25, 2008, appellant pled no contest to the charges. By judgment entry of sentence filed February 1, 2008, the trial court found appellant guilty and sentenced him to an aggregate term of six months at the Correctional Reception Center.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY."
 II {¶ 6} "THE JUDGMENT OF CONVICTION FOR ASSAULTING A PEACE OFFICER IS BASED ON INSUFFICIENT EVIDENCE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS OTHERWISE CONTRARY TO LAW." *Page 3 
 III {¶ 7} "THE JUDGMENT OF CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS IS BASED ON INSUFFICIENT EVIDENCE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS OTHERWISE CONTRARY TO LAW."
 IV {¶ 8} "THE DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 9} Appellant claims his no contest pleas were unknowingly, unintelligent, and involuntary. We disagree.
 {¶ 10} Crim. R. 11 governs pleas. Subsection (C)(2) states the following:
 {¶ 11} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 12} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 13} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 14} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront *Page 4 
witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 15} We have reviewed the transcript of the plea hearing held on January 25, 2008, and note appellant's plea of no contest was a negotiated plea. The trial court discussed appellant's waiver of a jury trial as follows:
 {¶ 16} "THE COURT: * * * Do you understand that? In other words, there would be no trial in your case if you plead no contest.
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: You would be waiving or giving up your right to a trial both before a jury and a Judge.
 {¶ 19} "You would also be giving up your right to have the Court issue subpoenas. Those are court orders to make witnesses or documentary or other evidence be brought to court who or which may be helpful to the defense of your case.
 {¶ 20} "Do you understand that?
 {¶ 21} "THE DEFENDANT: Yes.
 {¶ 22} "THE COURT: You would also be giving up your right to make the State present evidence to the jury or Judge hearing your case, and to prove, by proof beyond a reasonable doubt, that you are guilty of the offense of assault on a peace officer, a felony four, and obstructing official business, a felony five, along with each element-that means each part of those offenses — before the jury or Judge could find your guilty.
 {¶ 23} "Do you understand that? *Page 5 
 {¶ 24} "THE DEFENDANT: Yes.
 {¶ 25} "THE COURT: You would also be giving up your right at trial, and/or any other proceeding we have in the case, if you plead no contest, to have yourself, your attorney, or both of you to cross-examine — that means to ask questions — of all witnesses who take the witness stand to testify against you.
 {¶ 26} "Do you understand that?
 {¶ 27} "THE DEFENDANT: Yes." January 25, 2008 T. at 7-8.
 {¶ 28} Appellant asserts his no contest pleas were not knowing, intelligent, and voluntary because the trial court failed to inform him of his constitutional right to a unanimous verdict. In State v.Smith, Muskingum App. No. CT2007-0073, 2008-Ohio-3306, ¶ 27-29, this court succinctly explained the following:
 {¶ 29} "Initially, there is no explicit requirement in Crim. R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. State v. Simpson, supra at ¶ 11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., State v. Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v.Barnett, Hamilton App. No. C-060950, 2007-Ohio-4599 at ¶ 6; State v.Simpson, supra at ¶ 11.
 {¶ 30} "It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive *Page 6 
it. State v. Bays (1999), 87 Ohio St.3d 15, 20. In State v. Jells
(1990), 53 Ohio St.3d 22, 25-26, the Ohio Supreme Court held:
 {¶ 31} "`There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.'"
 {¶ 32} Upon review, we find the Crim. R. 11 colloquy in this case was sufficient and met all the requirements of said rule.
 {¶ 33} Assignment of Error I is denied.
 II, III {¶ 34} Appellant claims the trial court's finding of guilt was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 35} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and *Page 7 
a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 36} As stated supra, appellant pled no contest to assaulting a peace officer and obstructing official business pursuant to a negotiated plea agreement. Just prior to the plea, the following dialogue was placed on the record:
 {¶ 37} "MS. MACFADDEN: Yes, Your Honor. I have had a number of conversations with Mr. Linehan and it's my understanding that Mr. Wesaw will enter a plea of no contest to both counts in the indictment, which are count one, assault on a peace officer, a fourth-degree felony, count two, obstructing official business, a fifth-degree felony, and also stipulate facts sufficient for a finding of guilty on both counts.
 {¶ 38} "The State will recommend a minimum sentence of six months on each count to be served concurrently. The State will not object to community control. And it's my understanding that there will be an appeal, potential of an appeal on the motion to suppress.
 {¶ 39} "I have requested information from all the officers involved on restitution and only know of one restitution figure, and that is for $104, and it's some — the cost of damage to a uniform, but that's it.
 {¶ 40} "THE COURT: Mr. Linehan?
 {¶ 41} "MR. LINEHAN: Your Honor, Ms. MacFadden has correctly indicated the terms of the plea agreement. The restitution amount is the only thing that we have not *Page 8 
specifically discussed before today. So if I could just have 60 seconds to address that with my client.
 {¶ 42} "THE COURT: Yes.
 {¶ 43} "* * *
 {¶ 44} "MR. LINEHAN: Your Honor, we have no objection to the restitution figure or any other part of what Ms. MacFadden has indicated this afternoon." January 25, 2008 T. at 3-4.
 {¶ 45} At the end of the plea hearing, the trial court accepted the stipulation and recommendation of the parties:
 {¶ 46} "THE COURT: Okay. The Court heard testimony previously in this case, the suppression motion, but based on statements of counsel, the Court's review of the file, the Court adopts the agreed sentence recommendation and imposes — and the Court finds that the agreed sentence recommendation is consistent with the overall purposes of sentencing, which are to punish offenders and protect the public from future crime, not only from you, but from other people who are in similar situations, Mr. Wesaw." January 25, 2008 T. at 21.
 {¶ 47} We note there is no statement of evidence by the prosecutor because of the stipulation of facts. Given the stipulation, there was no need for a statement. The trial court stated it also based its finding on the testimony already heard at the suppression hearing. From our review of the April 16, 2007 suppression hearing transcript, there was evidence presented to support the guilty findings on both counts.
 {¶ 48} Upon review, we find the trial court did not err in finding appellant guilty of assaulting a peace officer and obstructing official business. *Page 9 
 {¶ 49} Assignments of Error II and III are denied.
 IV {¶ 50} Appellant claims he was denied the effective assistance of trial counsel because his counsel failed to offer a valid defense. We disagree.
 {¶ 51} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 52} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 53} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 54} Appellant argues his counsel was ineffective in allowing him to plea no contest and forego his right to a jury trial.
 {¶ 55} As noted supra, appellant plead no contest and received the negotiated plea agreement sentence of six months on each count, felonies of the fourth and fifth degree, to be served concurrently. The plea hearing transcript indicates it was appellant's choice to plea no contest and give up his right to a jury trial. January 25, 2008 T. at 16-17. *Page 10 
 {¶ 56} We find the record is devoid of any indication that defense counsel was deficient or that any deficiencies would have affected the outcome of the trial. We find ample evidence in the suppression hearing transcript of appellant shoving a police officer and refusing to cooperate in the "fight-call" investigation. April 16, 2007 T. at 97-98. Clearly, the thrust of the suppression hearing was the issue of privilege of the police officers to be at the premises and to enter the premises. Once appellant lost the motion to suppress, the facts stood essentially uncontested.
 {¶ 57} Upon review, we find no evidence of ineffective counsel.
 {¶ 58} Assignment of Error IV is denied.
 {¶ 59} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Edwards, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. *Page 1