OPINION *Page 2 
{¶ 1} Appellant Billy J. Hamilton appeals his conviction and sentence in the Muskingum County Court of Common Pleas.
 {¶ 2} On November 7, 2007, appellant was indicted by the Muskingum County grand jury on one count of receiving stolen property, including amplifiers and gift cards from St. Thomas Church, and having a value of greater than $5,000 but less than $100,000, in violation of R.C. 2913.51(A), a felony of the fourth degree.
 {¶ 3} Appellant pled not guilty and trial was set for January 15, 2008. The day before trial, appellant withdrew his not guilty plea and entered a plea of guilty to the indictment. The State recommended that appellant be sentenced to six months in prison and pay restitution of $5,449. Sentencing was deferred upon completion of a presentence investigation. On February 15, 2008, appellant filed a motion to withdraw his guilty plea. A hearing was held on February 25, 2008 and the motion to withdraw was denied. The trial court proceeded to sentencing and imposed a 12-month prison sentence and ordered restitution of $5, 449.
 {¶ 4} Appellant timely appealed and raises two Assignments of Error:
 {¶ 5} "I. DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY (JANUARY 14th, 2008 PLEA HEARING TRANSCRIPT P. 8).
 {¶ 6} "II. THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING (MOTION OF DEFENDANT, MEMORANDUM CONTRA OF STATE, *Page 3 
FEBRUARY 25th, 2008 SENTENCING HEARING TRANSCRIPT PP. 3-9, JUDGMENT ENTRY)."
 I. {¶ 7} Appellant first contends his guilty plea was not knowing, intelligent and voluntary because the trial court failed to advise him at the time of the plea of his constitutional right to a unanimous jury verdict. He asserts a valid waiver of the right to a jury trial should include a full explanation of all the essential elements of the right to a jury trial, such as jury unanimity.
 {¶ 8} Crim. R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest. In relevant part, Crim. R. 11(C)(2)(c) requires the trial court to determine that the defendant understands that by the plea the defendant is waiving certain constitutional rights listed therein.
 {¶ 9} The Ohio Supreme Court recently held "[a] trial court must strictly comply with Crim. R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilty beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid."State v. Veney, Slip Opinion No. 2008-Ohio-5200.
 {¶ 10} We also have recently held there is no requirement in Crim. R. 11(C)(2) that a trial court inform a defendant of his right to a unanimous verdict. State v. Wesaw, Fairfield App. No. 08CA12,2008-Ohio-5572; State v. Smith, Muskingum App. No. CT2007-0073,2008-Ohio-3306. *Page 4 
 {¶ 11} We have reviewed the transcript of the plea hearing held on January 14, 2008. The following Crim. R. 11(C)(2)(c) colloquy occurred:
 {¶ 12} "THE COURT: You also understand that by pleading guilty here today, you are giving up certain constitutional rights?
 {¶ 13} "THE DEFENDANT: Yes, Your Honor.
 {¶ 14} "THE COURT: You understand by pleading guilty, you're giving up your right to have a jury trial, you're also giving up your right to waive that jury trial and have your case tried directly to the Court?
 {¶ 15} "THE DEFENDANT: Yes, Your Honor.
 {¶ 16} "THE COURT: You understand that by pleading guilty, you are giving up your right to confront and have your attorney cross-examine witnesses who would testify against you at trial?
 {¶ 17} "THE DEFENDANT: Yes, Your Honor.
 {¶ 18} "THE COURT: You understand that by pleading guilty, you give up your right to use the power of the Court to subpoena or compel witnesses to come into court at your trial and testify on your behalf?
 {¶ 19} "THE DEFENDANT: Yes, Your Honor.
 {¶ 20} "THE COURT: You also understand by pleading guilty, you give up your right to require the State of Ohio, through the prosecutor's office, to prove each and every element of this offense beyond a reasonable doubt?
 {¶ 21} "THE DEFENDANT: Yes, Your Honor. *Page 5 
 {¶ 22} "THE COURT: You understand that by pleading guilty — you understand you have the right to appeal your case within 30 days of sentencing, but by pleading guilty here today, you severely limit the chance of any appeal being successful?
 {¶ 23} "THE DEFENDANT: Yes, Your Honor.
 {¶ 24} "THE COURT: * * * You understand that by pleading guilty, you give up your right at trial not to take the witness stand, and the fact that you do not take the witness stand could not be used against you at your trial?
 {¶ 25} "THE DEFENDANT: Yes, sir."
 {¶ 26} Plea Hearing Transcript, pp. 8-9.
 {¶ 27} Upon review, we find the trial court strictly complied with its duty under Crim. R. 11 in advising appellant of his constitutional rights.
 {¶ 28} Assignment of Error I is denied.
 II {¶ 29} Appellant further contends the trial court erred in not allowing him to withdraw his guilty plea. Appellant argues he is innocent of the crime, he has an alibi, and the State has not shown prejudice.
 {¶ 30} Crim R. 32.1, provides in relevant part:
 {¶ 31} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *."
 {¶ 32} A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, at paragraph one of the syllabus. The decision to grant *Page 6 
or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id., at paragraph two of the syllabus. The good faith, credibility and weight of a defendant's assertions in support of the motion are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court which is reviewing a record of the hearing. Id. at 525, citing State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324.
 {¶ 33} As noted earlier, the trial court thoroughly advised appellant of his rights at the time the plea was entered and he signed written plea agreement. Later the trial court conducted a hearing to evaluate appellant's reasons for the withdrawal and was not convinced to vacate the plea. Appellant was represented by counsel at both hearing.
 {¶ 34} It appears appellant claimed he had an alibi witness and was innocent. However, the record demonstrates appellant did not file a notice of alibi at any point in the case and appellant was in the car that had the stolen property. At the hearing, the following colloquy took place:
 {¶ 35} "THE COURT: And, Mr. Hamilton, was there any part of what we went over in court that day — I asked you if you understood all the rights you were waiving, you understood all those, right?
 {¶ 36} "THE DEFENDANT: Yes, Your Honor, I did understand all those.
 {¶ 37} "THE COURT: And you understood the nature of the charge against you and any possible defenses, and you understood that?
 {¶ 38} "THE DEFENDANT: Yes, sir, I did. *Page 7 
 {¶ 39} "THE COURT: So we went through the entire Rule 11 questions and answers. You don't know what Criminal Rule 11 is, but you knowingly, intelligently and voluntarily entered your plea or guilty then, correct?
 {¶ 40} "THE DEFENDANT: Yes, sir.
 {¶ 41} "THE COURT: And now you've changed your mind?
 {¶ 42} "THE DEFENDANT: I feel in light of another testimony from somebody that knows the facts where I was at at the time the crime took place, I think that would be well understood. You know, I'm trying to save myself from a crime I never did.
 {¶ 43} * * *
 {¶ 44} "THE COURT: And you never filed a motion, a notice of alibi prior to your trial, did you?
 {¶ 45} "THE DEFENDANT: I don't understand, Your Honor.
 {¶ 46} "MR. WHITACRE: I did not, no.
 {¶ 47} "THE COURT: Do you want to explain that, Mr. Whitacre?
 {¶ 48} * * *
 {¶ 49} "MR. WHITACRE: Thanks, Your Honor. I have discussed that matter with my client as far as filing a notice of alibi. He understands that, and we did not file that at any time during pendency of this case, that is correct, Your Honor.
 {¶ 50} "THE COURT: Mr. Whitacre, were you given a notice of alibi prior to the trial?
 {¶ 51} "MR. WHITACRE: We discussed a little bit of these issues. The facts would present at trial that he was picked up with the other co-defendants at the same time, so I didn't feel it necessary to file that motion at that time due to the fact that he — *Page 8 
we could not dispute that he was not picked up at the same time the other co-defendants were picked up."
 {¶ 52} Motion to Withdraw and Sentencing Transcript, pp. 7-9.
 {¶ 53} The trial court then orally denied the motion to withdraw and proceeded to sentencing.
 {¶ 54} Upon review, we see no abuse of discretion. The trial court provided appellant with a hearing during which it considered appellant's reasons for withdraw. It was within the trial court's province to determine whether appellant's reasons were reasonable and legitimate. We defer to the trial court's judgment in evaluating the "good faith, credibility and weight" of appellant's motivation and assertions in entering and attempting to withdraw his plea. See, Xie,62 Ohio St.3d at 525. We therefore do not find that the trial court's decision was unreasonable, arbitrary or unconscionable.
 {¶ 55} Assignment of Error II is overruled.
Delaney, J. Hoffman, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1