[Cite as *State v. Sams*, 2013-Ohio-2731.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO,<br>CITY OF MANSFIELD | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12CA106 |
| | : | |
| FREDDIE A. SAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Mansfield Municipal
                                Court, Case No. 2012CRB01351

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         June 21, 2013

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

MICHAEL J. KEMERER                      RANDALL E. FRY
ASSISTANT LAW DIRECTOR                  10 West Newlon Place
CITY OF MANSFIELD                       Mansfield, OH 44902
30 North Diamond St.
Mansfield, OH 44902

*Delaney, J.*

{¶1}   Appellant Freddie A. Sams appeals from the September 19, 2012 journal entry and sentencing order of the Mansfield Municipal Court.  Appellee is the City of Mansfield.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant was charged with one count of assault pursuant to City of Mansfield Ordinance No. 537.03, a misdemeanor of the first degree, on March 16, 2012.  The complaint states appellant did knowingly cause or attempt to cause physical harm to Mary Boyd on February 23, 2012.

{¶3}   The record reflects that on September 6, 2012, appellant appeared before the trial court and entered a plea of guilty to an amended charge of disorderly conduct pursuant to City of Mansfield Ordinance 509.03(A), a misdemeanor of the fourth degree.

{¶4}   On September 17, 2012, appellant filed a motion to withdraw his guilty plea.

{¶5}   On September 18, 2012, appellant appeared before the trial court to address the motion to withdraw his guilty plea.  Appellant's counsel stated the woman involved was never appellant's girlfriend; appellant said he didn't understand the consequences of his plea and was trying to relocate.  The trial court denied appellant's motion to withdraw his plea and sentenced him to a suspended jail term of 30 days, one year of intensive supervision, and completion of the DOVE program.

{¶6}   Appellant now appeals from the September 19, 2012 judgment entry and sentencing order of the trial court.

**ASSIGNMENT OF ERROR**

{¶7}  I.  "THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT-APPELLANT'S 'MOTION TO WITHDRAW GUILTY PLEA.'"

**ANALYSIS**

I.

{¶8}  In his sole assignment of error, appellant argues the trial court should have permitted him to withdraw his guilty plea.  We disagree.

{¶9}  Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.  *State v. Hamilton*, 5th Dist. No. CT2008-0011, 2008-Ohio-6328, ¶ 32, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶10} The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion.  *State v. Xie*, supra, 62 Ohio St.3d 521 at paragraph two of the syllabus.  In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *State v. Xie*, supra, 62 Ohio St.3d at 525, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶12} In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 661 N.E.2d 788 (1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. Id., 104 Ohio App.3d at 240. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison*, 5th Dist. No. 2008-CA-00082, 2008-Ohio-7037, ¶ 45, citing *State v. Kramer*, 7th Dist. No. 01-CA-107, 2002-Ohio-4176, ¶ 58.

{¶13} The record does not reflect whether appellee would be prejudiced by granting the motion to withdraw the guilty plea. The record does indicate, however, that appellant waived his rights in writing when he entered the plea to the reduced charge

and was represented by counsel. The trial court gave appellant the opportunity to state his reason for asking to withdraw his plea, but appellant was unable to articulate a reason beyond the fact that he changed his mind. Appellant stated he wanted to go to trial, but did not indicate a defense beyond counsel's argument that the victim was not his girlfriend but merely an acquaintance that had been pursuing him. In light of the fact that appellant was initially charged with assault and not domestic violence, and the charge had been amended to disorderly conduct, this fact is of little consequence.

{¶14} We have previously noted a trial court does not abuse its discretion in disallowing a pre-sentence withdrawal of a guilty plea where the motion is motivated by "a change of heart and an attempt to reduce the original sentence." *State v. Carrington,* 5th Dist. No.2010CA00228, 2011–Ohio–3228, ¶ 11. In the instant case, appellant was unable to articulate any reason to withdraw his plea beyond "[he] wasn't thinking clearly." Upon review, it is evident from the record appellant's change of heart was premised upon dissatisfaction with the trial court's sentence and its requirement that he complete the DOVE program. The trial court therefore did not abuse its discretion in disallowing the motion to withdraw the plea.

**CONCLUSION**

{¶15} Having found the trial court did not err in denying appellant's motion to withdraw his guilty plea, appellant's sole assignment of error is overruled and the judgment of the Mansfield Municipal Court is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. CRAIG R. BALDWIN


PAD:kgb/