[Cite as *State v. Blasingame*, 2019-Ohio-5284.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, J. |
| -vs- | : | | |
| | : | | |
| ASIA BLASINGAME, | : | | Case No. 2019CA00069 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Case No. 2018-
CR-1689

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        December 18, 2019

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        DONALD GALLICK
Prosecuting Attorney        The Law Office of Donald Gallick LLC
Stark County, Ohio        190 North Union Street # 102
        Akron, Ohio 44304

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** Asia Blasingame appeals the trial court's denial of her motion to withdraw her plea of guilty to charges of violation of possession of cocaine, R.C. 2925.11(A), a fifth degree felony, failure to comply with an order or signal of a police officer, R.C. 2921.331(A) and operating a vehicle under the influence of alcohol or drugs, R.C. 4511.19(A)(1)(a) both first degree misdemeanors. The Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** The facts leading to the arrest of Appellant and the charges filed against her are unnecessary for the disposition of the appeal and are therefore omitted.

**{¶3}** Appellant was charged with one count of possession of cocaine, a violation of R.C. 2925.11(A), a felony of the fifth degree; one count of failure to comply with an order or signal of a police officer, a violation of R.C. 2921.331(A), a misdemeanor of the first degree; receiving stolen property, a violation of R.C. 2913.51(A), a misdemeanor of the first degree and operating a vehicle under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1)(a) and a misdemeanor of the first degree. Appellant entered a plea of not guilty and was released on bond. The state offered a plea deal in the early stages of the case, but Appellant rejected the offer.

**{¶4}** A pre-trial was scheduled for March 25, 2019 and notice of the date and time was sent to Appellant's counsel, but Appellant failed to appear. A capias was issued for her arrest and Appellant, upon learning of the capias, surrendered herself on March 28, 2019 and she was booked into the Stark County Jail. At a pre-trial conducted April 1, 2019, Appellant entered a guilty plea to the charges of possession of cocaine, failure to comply with an order or signal of a police officer and operating a vehicle under the

influence of alcohol or drugs. The receiving stolen property charge was dismissed as part of the negotiated plea.

{¶5} The trial court then questioned Appellant and her counsel about a form that was submitted to the court:

THE COURT: I have in front me what's called a Criminal Rule 11(C) form, ma'am, and I'm going to ask you is this your signature?

THE DEFENDANT: Yes, sir.

THE COURT: And did you read it?

THE DEFENDANT: Yes, sir.

THE COURT: And did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: And did you have enough time to speak to counsel about it?

THE DEFENDANT: Yes, sir.

THE COURT: And are you satisfied with his services?

THE DEFENDANT: Yes, sir.

Transcript of Proceedings / Plea, p. 3, lines 13-25, April 1, 2019.

{¶6} These excerpts from that form are pertinent to the appeal:

No threats or promises have been made to me by anyone to secure my Plea of Guilty.

I acknowledge that I am pleading guilty freely and voluntarily.

I further acknowledge that I understand the nature of the charges and the maximum penalties involved upon conviction.

I have complete confidence in my lawyer and acknowledge that he has effectively and diligently represented me.

It is solely my own choice to enter a Plea of Guilty with full knowledge of the other alternatives available to me.

Judgment Entry, Change of Plea and Pre-Sentence Investigation, April 9, 2019, Docket #39, p. 8.

The form is signed by Appellant, her counsel, the trial judge and the assistant prosecutor.

{¶7}   After some explanatory comments, the trial court conducted a Crim.R. 11 colloquy that included the following relevant questions and responses:

***

THE COURT: Do you understand if you plead guilty to this offense you're making a complete admission to all the allegations in the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: Have there been any promises or threats made to induce you to change your plea?

THE DEFENDANT: No, sir.

***

THE COURT: All right. Lastly there's certain constitutional rights. You're waiving your right to a trial by jury, confront, cross-examine, subpoena, bring witnesses on your behalf, your Fifth Amendment right to remain silent, the right to require the State to prove its case beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything that you would like to say prior to taking your plea?

THE DEFENDANT: No, sir.

Transcript of Proceedings / Plea, p. 4, line 10 to p. 9, line 16, April 1, 2019.

{¶8} The trial court asked, before the close of the plea hearing, if Appellant had "any questions" and explained that "I don't want you walking out of here feeling you weren't sure or the Court wasn't fair with you." Appellant responded "No." Transcript of Proceedings / Plea, p. 10, lines 6 to line 9, April 1, 2019.

{¶9} Appellant was released on her own recognizance under pretrial release supervision, but re-incarcerated on April 4, 2019 for presenting at her pre-sentence investigation appointment with a blood alcohol content of .147, a violation of the terms of her pre-trial release.

{¶10} On May 3, 2019 Appellant filed a Motion to Withdraw her Plea claiming she was wrongly incarcerated for failure to appear at the March 25, 2019 pre-trial because she had never received notice of the hearing and that the murder of her niece prevented her from making an informed decision to enter a guilty plea. Appellant's niece was murdered while Appellant was incarcerated, and Appellant explained that the thought of missing the funeral was foremost her mind on the day she entered the plea. Appellant complained that she did not voluntarily enter a plea and that "I was coerced into taking my plea while under duress" citing the murder and upcoming funeral as the source of the duress. She claims to have believed, on the date of the plea, that she must plead guilty to be released to attend the funeral. While the record contains evidence that the trial court had knowledge of the murder, the Appellant's plan to plead guilty to insure her release to

attend the funeral is not suggested by any of the comments in the record or any transcript filed with the record.

**{¶11}** The trial court conducted a hearing on the motion to withdraw the guilty plea and considered the material in the record and the arguments of the parties and, relying upon factors included in *State v. Gilmore*, 5th Dist. Perry No. 15CA00017, 2016–Ohio– 2654 concluded that the facts did not warrant permitting the withdrawal of the plea. The trial court concluded the state would suffer some prejudice after the plea because the evidence acquired in the case may no longer be available and the memory of the officers may have faded as a result of the delay. The trial court noted that Appellant was represented by competent counsel, particularly since the same attorney who represented her at the change of plea was now representing her in an effort to withdraw the plea. The trial court stated that it had conducted a complete Criminal Rule 11 hearing and was confident that it had fulfilled the requirements of that Rule. The trial court highlighted the fact that it had asked the Appellant if she understood that a plea of guilty was a complete admission to all the allegations in the indictment and whether there were any promises or threats made to induce her to change her plea. She indicated that she understood the consequences of her plea and denied any promises or threats.

**{¶12}** While the trial court did not comment on the issue, one of the factors that may be considered is whether Appellant was perhaps not guilty or has a complete defense to the charge. *Id at* ¶ 14. Appellant did not offer any evidence or argument in support of her innocence or defense and focused instead on the involuntary nature of her plea.

{¶13} The trial court denied the motion to withdraw the plea and proceeded to sentence Appellant to community control with a list of restrictions and obligations. Appellant filed a timely appeal and submitted three assignments of error:

{¶14} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A PRESENTENCE MOTION TO WITHDRAW A GUILTY PLEA ON THE GROUNDS THAT, ONE MONTH AFTER THE ORIGINAL TRIAL DATE, THE POLICE OFFICERS LIKELY DID NOT REMEMBER THE CASE AND THE DRUG EVIDENCE WAS PROBABLY DESTROYED, IF IT EVEN EXISTED. "

{¶15} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A MOTION TO WITHDRAW A GUILTY PLEA ONE MONTH AFTER THE ORIGINAL TRIAL DATE ON THE GROUNDS THAT THERE WAS LIKELY MISSING EVIDENCE AND NO WITNESSES TO TESTIFY AT TRIAL, AND WAS ALSO A DENIAL OF DUE PROCESS." (SIC)

{¶16} "III. APPELLANT SUFFERED A CONSTITUTIONAL DEPRIVATION OF THE RIGHT TO COUNSEL AND DUE PROCESS AS HER COUNSEL FAILED TO ASSIST IN HER INITIAL REQUEST TO WITHDRAW HER GUILTY PLEA AND FAILED TO MOVE TO WITHDRAW A CAPIAS ISSUED FOR MISSING A COURT DATE NOT STATED TO HER ON THE RECORD."

## STANDARD OF REVIEW

{¶17} The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court, *State v. Xie, 62* Ohio St.3d 521, 584 N.E.2d 715, 716 (1992) syllabus, paragraph 2, and will not be reversed by an appellate court unless the trial court abused its discretion.  An abuse of discretion exists where the

reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶ 54.

{¶18} Criminal Rule 32.1 governs motions to withdraw guilty pleas and provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton,* 5th Dist. Muskingum No. CT2008-0011, 2008-Ohio-6328, ¶ 32, quoting *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

{¶19} Some factors a trial court may consider when considering a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Gilmore*, 5th Dist. Perry No. 15CA00017, 2016–Ohio–2654, ¶ 14 quoting State v. Cuthbertson, 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist. 2000), quoting State v. Fish, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist. 1995). No one Fish factor is absolutely conclusive. *Cuthbertson, supra.*

**ANALYSIS**

**{¶20}** In her first assignment of error, Appellant contends that the trial court erred when it denied her motion to withdraw her plea because witnesses' memories may have faded and the evidence may have been destroyed.  Appellant supplies examples of trials that occurred long after the arrest to rebut any alleged prejudice to the state that may be caused by the officers' fading memories and argues that it is the state's obligation to preserve the evidence. By making this argument, Appellant is suggesting that the trial court reached its decision after considering this one element alone, a conclusion not supported by the record.

*{¶21}* The trial court did consider prejudice to the state, one element of the analysis described in our decision in *Gilmore, supra*, but the court did not rely on that issue alone. The trial court considered the fact Appellant was represented by competent counsel, had a hearing on the motion, received a thorough explanation of the rights she was waiving and her plea hearing and acknowledged her understanding.  The trial court's decision was not "***clearly untenable, legally incorrect, [nor did it] amount to a denial of justice" nor did the judgment reach an end or purpose not justified by reason and the evidence. *State v. AAA Sly Bail Bonds*, 5th Dist. Richland No. 17-CA-56, 2018-Ohio-2943, ¶ 28, appeal not allowed,154 Ohio St.3d 1430, 2018-Ohio-4670, 111 N.E.3d 1191, ¶ 28 (2018).

**{¶22}** Appellant cites *State v. Jeffery,* 9th Dist. Summit No. 26639, 2013-Ohio-2985 to support her contention that the trial court erred, but that court found that the "trial court did not squarely address the impact of the death and funeral of Mr. Jeffrey's daughter upon the plea given its misunderstanding of some of the testimony." *Id.* at ¶10.

That court remanded the case for further consideration and expressed "no opinion about whether Mr. Jeffery should ultimately be allowed to withdraw his plea." *Id.* at ¶ 11. Appellant in this case has not demonstrated any failure by the trial court to "squarely address" the impact of the niece's death or any misunderstanding of the testimony.

{¶23} Appellant's first assignment of error is denied.

{¶24} Appellant's second assignment of error is, on its face, primarily a duplication of her first assignment of error so we have little choice but to arrive at the same conclusion, a denial of the assignment. Appellant provides several references to cases that permitted withdrawal of a guilty plea after several months, and concludes that her motion was timely and that the trial court's conclusion that the state would be prejudiced was erroneous. Assuming, arguendo, Appellant is correct that the trial court's finding regarding prejudice to the state was erroneous, our decision would not be affected.

{¶25} In *Gilmore*, *supra* at ¶ 14, we described a list of nine factors as "[s]ome factors a trial court may consider when making a decision on a motion to withdraw a guilty plea." We concluded that no one factor is conclusive, so the absence or error regarding one factor does not mandate reversal. In this case the trial court expressly considered several elements and the record contains credible evidence to support a decision against permitting withdrawal when all of the elements listed in *Gilmore* are considered.

{¶26} We hold that, in this case, the trial court did not abuse its discretion even if we disregard the trial court's comment that the state would be prejudiced by the delay.

{¶27} Appellant's second assignment of error is denied.

{¶28} In her third assignment of error, Appellant suggests that her guilty plea was involuntary due to ineffective assistance of counsel and therefore must be rejected. She

contends that her trial counsel was ineffective because he failed to seek the withdrawal of the capias, initially refused to file a motion to withdraw her guilty plea and purportedly permitted her to plead guilty with the mistaken belief that was the only course of action that would allow her to attend her niece's funeral.

{¶29} Appellant cites *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 2055–56, 80 L.Ed.2d 674 (1984) for the elements that must be fulfilled to establish ineffective assistance of counsel and while that is appropriate, that case specifically requires a showing of prejudice:

> With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of *** the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.

*Strickland*, syllabus, paragraph 2(b).

{¶30} Appellant's argument lacks any reference to a prejudicial impact. Appellant fails to explain why the acts she describes constitute deficient performance by defense counsel, much less how it prejudiced her. These conclusory assertions are insufficient to demonstrate ineffective assistance of counsel under *Strickland*. *State v. Buckingham*, 2nd Dist. Montgomery No. 19205, 2003-Ohio-44, ¶ 17; *State v. Horton,* 10th Dist. Franklin No. 06AP-311, 2007-Ohio-4309, ¶ 43.

{¶31} Further, the record contains no evidence of prejudicial impact. Appellant asserts that her trial counsel should have requested that the capias be withdrawn, but

does not describe how she was prejudiced by the failure to make that request or how the request could have been effective considering the timeline. The capias was issued March 25, 2019 and Appellant surrendered herself on Thursday, March 28, 2019. Appellant appeared in Court and entered a plea on Monday, April 1, 2019 making the issue of the capias moot.

**{¶32}** With regard to the alleged refusal to file a motion to withdraw the guilty plea, any prejudice was resolved when the motion was filed. Finally, Appellant does not provide any evidence that the advice she received regarding the likelihood of her release if she did not plead guilty was incorrect or how the outcome would have changed had Appellant been given different advice.

**{¶33}** And Appellant's contention that her counsel did not serve her well by allowing her to plead guilty solely because she wanted to attend her niece's funeral is belied by the record. As noted above the trial court conducted a complete and comprehensive review of Appellant's rights before accepting the plea. Her contention that she "was coerced into taking my plea while under duress" is contradicted by her agreement at the plea hearing that she was not induced to enter her plea as a result of promises or threats.

**{¶34}** Appellant's failure to describe any prejudicial impact flowing from the alleged ineffective assistance of counsel or how the advice provided was inaccurate undermines her third assignment of error.

**{¶35}** Appellant third assignment of error is overruled.

**{¶36}** Though not expressly stated in her assignments of error, Appellant is contending that her plea was not entered knowingly, intelligently and voluntarily. *State v.*

*Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450. We have completed a review of the Appellant's arguments and the record and hold that it shows that the trial court's colloquy fulfilled the requirements of Crim.R. 11.  Appellant received sufficient information to "make a knowing, voluntary and intelligent" decision whether to plead guilty. *State v. Colvin*, 5th Dist. Richland No. 2002CA0063, 2003-Ohio-3389, ¶ 8-9; *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351.

**{¶37}** We hold that the trial court did not abuse its discretion by denying Appellant's Motion to withdraw her guilty plea.  The decision of the Stark County Court of Common Pleas is affirmed.


By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.